UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| WESLEY M. JESTER, III, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 2:11-cv-339 |
| v. ) | |
| ) | Judge Mattice |
| COMMISSIONER OF SOCIAL SECURITY, ) | Magistrate Judge Lee |
| ) | |
| *Defendant.* ) | |
| ) | |

# ORDER

On October 15, 2012, United States Magistrate Judge Susan K. Lee filed a Report and Recommendation (Doc. 17) pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Magistrate Judge Lee recommended that the Commissioner's Motion for Summary Judgment (Doc. 15) be granted, and that the Commissioner's decision denying benefits be affirmed.

The Court notes that, on October 26, 2012, the Report and Recommendation – which was mailed to the address of record provided by Plaintiff – was returned to the Clerk's Office as undeliverable. The Commissioner notified the Court that, on January 6, 2012, Plaintiff provided the Social Security Administration with notice that his address had changed. (Docs. 19, 20). The Clerk of Court then mailed a second copy of the Magistrate's Report and Recommendation to Plaintiff at the address he provided to the Commissioner. Plaintiff still did not respond, though the docket contains no indication that the mail was returned.

In attempting to serve Plaintiff at the address provided, the Clerk of Court exercised diligence beyond that which is mandated by the local rules. E.D. Tenn. L.R. 83.13 provides, in relevant part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. <u>Notification of a change of address must be accomplished by filing a Notice with the Clerk and service of the Notice upon all other parties within 14 days of the change of address</u>. In addition, a party appearing for himself/herself shall sign his/her pleadings and include his/her address and telephone number. The failure of a pro se plaintiff to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action.

(emphasis original). Plaintiff never notified the Clerk of Court of a change in his address.

In view of the Clerk's diligence and Local Rule 83.13, the Court must conclude that Plaintiff received service of the Report and Recommendation and declined to object. Nevertheless, the Court has reviewed the Report and Recommendation, as well as the record in this matter, and it agrees with the Magistrate Judge's well-reasoned conclusions.[1]

Accordingly, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Lee's findings of fact and conclusions of law. The Commissioner's Motion for Summary Judgment (Doc. 15) is hereby **GRANTED**, and the Commissioner's decision denying benefits is **AFFIRMED**.

---

[1] Magistrate Judge Lee specifically advised Plaintiff that he had 14 days in which to object to the Report and Recommendation and that failure to do so would waive his right to appeal. (Doc. 17 at 19 n.3); *see* Fed. R. Civ. P. 72(b)(2); *see also Thomas v. Arn*, 474 U.S. 140, 148-51 (1985) (noting that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

The Clerk of Court is **DIRECTED** to serve a copy of this Order on Plaintiff's address of record, as well as the address he provided to the Commissioner (recorded in Docs. 19, 20).

**SO ORDERED** this 16th day of January, 2012.

       */s/ Harry S. Mattice, Jr.*
       HARRY S. MATTICE, JR.
       UNITED STATES DISTRICT JUDGE